Morales, Peticionario y Apelante, *v.* Romeu, Opositor y
Apelado.

Apelación procedente de la Corte de Distrito de Mayagüez
en pleito sobre nombramiento de administrador judicial.

No. 1866.—Resuelto en diciembre 23, 1918.

Administración Judicial—Personas que Tienen Derecho a Pedirla—Herede-
ros—Ley de Procedimientos Legales Especiales.—El solo hecho ·de ser he-
redero de uno de los cónyuges no da derecho para solicitar la administración
judicial de los bienes relictos al fallecimiento del otro cónyuge, pues tal dere-
cho lo tienen solamente las personas mencionadas en el artículo 23 de la Ley
de Procedimientos Legales Especiales.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Luis Montalvo Guenard.*
Abogado del apelado: *Sr. Angel A. Vázquez.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tri-
bunal.

Pedro Enrique Mórales Garcés pidió a la Corte de Dis-
trito de Mayagüez que decretase la administración judicial

de los bienes relictos al fallecimiento de los esposos **José
Romeu Giacomaggi** y **Aurora María Morales Garcés** y que
se le nombrase administrador de dichos bienes, alegando
como fundamento de su solicitud que ha sido declarado ju-
dicialmente heredero abintestato de **Aurora María Morales
Garcés**, en unión de otros dos hermanos que están ausentes
de la isla; que su hermana Aurora dejó bienes sujetos a
partición consistentes en la parte que le corresponde, en con-
cepto de bienes privativos y gananciales, en una cantidad de
dinero que se halla depositada en un banco a nombre del fi-
nado **José Romeu Giacomaggi**, y en que es acreedor de la
herencia de su hermana por dinero pagado durante su en-
fermedad, entierro, y por otros particulares.  Expuso tam-
bién que está apelada la resolución declarando las personas
que son herederas abintestato de **José Romeu Giacomaggi**,
siendo una de esas personas menor de edad.

La corte oyó al abogado del peticionario y al del opositor
Francisco Romeu Rivera acerca de la solicitud y dictó reso-
lución desestimándola por no ser procedente el nombramiento
de administrador judicial en este caso, contra la cual resolu-
ción interpuso Pedro Enrique Morales el presente recurso de
apelación y presentó alegato escrito para apoyarlo, pero no
asistió a la vista del recurso en la que sólo estuvo presente
el abogado del opositor, que no presentó alegato escrito.

Como el peticionario, apelante, alega en su solicitud que
está declarado heredero de su hermana Aurora María Mora-
les y Garcés, y como no dice que tal declaración esté apelada.
y manifiesta también que dicha señora dejó bienes sujetos a
partición, tendría derecho a que se hubiera decretado la ad-
ministración judicial de los bienes de su hermana, de acuerdo
con el artículo 23 de la Ley de Procedimientos Legales Es-
peciales, si no fuera porque en vez de limitarse a esa preten-
sión solicita también que se decrete conjuntamente la admi-
nistración de los bienes dejados por José Romeu Giacomaggi
y que se le nombre administrador de los bienes de los dos
consortes, sin ser heredero de José Romeu Giacomaggi, pues

no alega tal hecho en su solicitud. El solo hecho de ser heredero de uno de los esposos no da derecho para solicitar la administración judicial de los bienes relictos al fallecimiento del otro esposo pues tal derecho lo tienen solamente las personas mencionadas en el artículo 23 antes citado, entre las cuales no se encuentra el peticionario con respecto a José Romeu.

Aunque la solicitud parece fundarse también en que uno de los herederos de José Romeu Giacomaggi es menor de edad, sin embargo no tiene derecho el apelante para reclamar derechos que pueda tener ese menor, porque no alega tener su representación legal y porque, aunque la tuviera, no podría ejercerla en este caso, toda vez que estando apelada la resolución que declara los herederos de José Romeu Giacomaggi, mientras la cuestión esté *sub judice* no pueden ejercitar derechos derivados de esa declaratoria de herederos apelada, si alguno hubiere.

Por las razones expuestas debemos confirmar la resolución apelada pero con instrucciones al juez de que permita enmendar la solicitud.

> *Confirmada la resolución apelada, pero con instrucciones al juez de la corte inferior de que permita enmendar la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.